Samuel J. Joseph, J.
These defendants are charged with the commission of crimes involving counts for conspiracy, using false marks as to manufacture, defacing or removing identification marks, offending against trade-marks.
An inspection of the Grand Jury minutes is sought. It is urged that the indictment be set aside on the ground:
A. That the acts charged against the said defendants are not embraced within the pertinent sections of the Penal Law;
B. That there is insufficient proof to establish, prima facie, any of the crimes set forth in the indictment;
0. That the indictment and each count thereof is founded on the testimony of accomplices uncorroborated by other evidence as required by section 399 of the Code of Criminal Procedure.
Tersely, the indictment charges that the defendant corporation and its officers, the defendants Blumenthal and Schneur, as having been engaged in the television and radio business of dealing in tubes, parts and sets. They allegedly acted in concert with the defendant Seltzer and conspired with one Milton Grudin to rebrand and stamp counterfeit false numbers and trade-marks on used and rejected radio and television tubes, so as to make it appear that such tubes were the manufactured *46 product of the Radio Corporation of America, and that the manufacturer’s warranty, on the said tubes, was still in full force and effect.
The court holds that the acts alleged in the indictment are within the ambit of the statutes defining conspiracy (Penal Law, § 580, subds. 1, 4, 6), using false marks as to manufacture (Penal Law, § 436), defacing or removing identification marks (Penal Law, § 436-a, subds. 3, 4), and offenses against trademarks (Penal Law, § 2354, subd. 2).
After having read the several volumes comprising the Grand Jury minutes, the court further finds that the testimony of the witnesses before the Grand Jury warrants a denial of the motion on the grounds urged under paragraphs B and C above.
The motion is denied, in all respects.